FILED
JUN 2 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

|  |  |
|---|---|
| Lisa Alfred<br>1608 H St. SE<br>Washington, DC  20003-3110<br>202-547-1304<br><br>                    Plaintiff<br><br>Scribner Hall & Thompson LLP<br>1875 Eye St. NW<br>Suite 1050<br>Washington, DC  20006-5409<br>202-331-6565<br><br>                    Defendant | CA No. __<br><br>CASE NUMBER  1:06CV01118<br>JUDGE: Richard J. Leon<br>DECK TYPE: Employment Discrimination<br>DATE STAMP: 06/20/2006 |

**JURY ACTION**

---

### DISCRIMINATION COMPLAINT

Plaintiff Lisa Alfred hereby seeks judgment against Defendant Scribner Hall & Thompson, LLP (hereafter referred to as the Law Firm), on the following grounds and in the amounts as hereinafter set forth:

This action arises from the employment practices of the Law Firm, resulting in the wrongful termination and unlawful discrimination against Plaintiff Lisa Alfred on the basis of her race (African American), sex (female), and age (over 40 years old), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et

1

seq., and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 623.

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 1343(a)(3), and 1343(a)(4).

2. The claims asserted herein arose in the District of Columbia, which is also the location of the acts relevant to Plaintiff's claims. Venue is appropriate in this Court under 28 U.S.C. §1391(b) and 42 U.S.C. 2000e-5(f)(3).

**PARTIES**

3. Plaintiff Lisa Alfred is an African-American woman over the age of 40 years old and a resident of the District of Columbia. A graduate of the University of New Orleans with considerable work and human rights experience, Plaintiff was hired as a secretary for the Defendant Law Firm in January 2002. She was terminated without prior notice in February 2005.

4. Defendant is a professional limited liability partnership with its principal place of business in the District of Columbia at 1875 Eye St. NW. The law firm specializes in tax law and employed at least 15 people during the relevant time.

**FACTS**

5. On Feb. 18, 2005, after three years of service, Plaintiff was called by the Law Firm's Office Manager, Jane Burton, near the end of the work day and told to clear out her desk.

6. Plaintiff was given one-week severance at that time.

7. On Feb. 28, 2005, the Law Firm informed the Plaintiff that she would receive an additional two weeks pay on March 15, 2005, for a total of three weeks severance pay.

8. Until Feb. 18, 2005, Plaintiff was a valued employee who earned high marks on annual reviews from her supervisor, Managing Partner Mark Kovey and Office Manager Jane Burton.

9. During her 3-year tenure, Plaintiff was recognized repeatedly for performing beyond her assigned duties and worked to resolve critical work-place problems.

10. Plaintiff was highly regarded by staff and management and often served as the representative on administrative issues.

11. The only negative notation on Plaintiff's record stemmed from her failure to notify the office beforehand on occasions when she was going to be late. This was noted in her 2004 review and Plaintiff quickly corrected this.

12. Upon termination, Plaintiff was told that the Law Firm owed her no explanation because she was an at-will employee.

13. Counsel for Defendant Law Firm later claimed in a March 10, 2005 letter to Plaintiff that the firing was based on Plaintiff's "increasing hostility to the practices and procedures adopted by the Firm's management and expressed a growing incivility to the Firm's attorney."

14. Plaintiff contends that the Law Firm did not discuss any of the many "concerns" listed in this letter prior to her termination and notes that she was never "counseled" about these allegations until after she was fired.

## COUNT 1

### RACIAL AND SEX DISCRIMINATION

15.  The Plaintiff's race and sex (African American female) are protected classes under Title VII. She contends that the Defendant treated her differently from a Caucasian (white) male employee when it terminated her without cause and without prior notice, as well as denying her reasonable severance.

16.  Plaintiff contends that a Caucasian (white) male employee that failed to meet even minimum work goals and consistently performed below acceptable standards for nearly two years was given nine months notice of his separation, and a sizable bonus.

17.  At least two other Caucasian (white) women were allowed to continue in their jobs despite poor performances and work habits and numerous complaints from partners and other staffers.

18.  Another Caucasian (white) female clerical worker was called back for additional work even though she had been cited for numerous workplace infractions.

## COUNT II

### AGE DISCRIMINATION

19. Plaintiff realleges and incorporates paragraph 1 through 18, in, as if set forth fully.

20. Plaintiff is over 40 years old and is a member of the protected class under the Age Discrimination in Employment Act of 1967.

21. Plaintiff contends that she was treated differently than a younger employee, a Caucasian (white) female in her early 30s, who was initially hired as a temporary secretary and then hired full-time.

22. Though this particular employee alienated the staff, consumed alcohol during work hours, frequently used obscenities in the workplace, and rarely completed assignments on time, she was promoted and allowed to routinely take more vacation and leave than was allotted. It was well known throughout the office that a managing partner "liked" this particular employee, despite her poor work ethic and unprofessional behavior.

23. When this particular young employee voluntarily left the Law Firm, it was discovered that she had

6

        not performed much of the filing or work assigned to her.

24. Yet, several months later, this same employee was invited back to staff a temporary assignment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lisa Alfred demands judgment in her favor and against the Law Firm (Scribner Hall & Thompson, LLP) and prays that the Court:

1. Award Plaintiff $75,000 in lost wages and other benefits.

2. Award Plaintiff $1 million in punitive damages for the wrongful termination and discrimination under Title VII.

3. Award Plaintiff's reasonable attorney fees and costs incurred herein, and any other relief that may be deemed just and appropriate.

## JURY DEMAND

The Plaintiff hereby exercises her right to a jury trial for each and every claim she has asserted herein.

*[signature: Lisa Alfred]*

Lisa Alfred
Plaintiff
Pro Se
1608 H St. SE
Washington, DC 20003-3110
202-547-1304

7

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Lisa Alfred<br>1608 H Street, S.E.<br>Washington, DC 20003 | From: Washington Field Office - 570<br>1801 L Street, N.W.<br>Suite 100<br>Washington, DC 20507 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 100-2005-01428 | Janet Stump,<br>Acting Enforcement Supervisor | (202) 419-0700 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

_Janet A. Stump for_
Dana R. Hutter,
Director

MAR 2 0 2006
(Date Mailed)

cc:
Mr. Kevin Byrnes
Wade & Byrnes, P.C.
616 N. Washington Street
Alexandria, VA 22314

Mary C. Williams
Williams & Cunningham
1717 K Street, NW
Suite 600
Washington, DC 20036

06 1118
**FILED**
JUN 2 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT