UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA ALFRED               )<br>    Plaintiff, *Pro Se*    )<br>                           )<br>v.                         )<br>                           )<br>SCRIBNER HALL & THOMPSON, LLP )<br>    Defendant              ) | Civil Action No: 14:06CV01118 |

## MOTION TO DISMISS COMPLAINT OF DISCRIMINATION

COMES NOW, Defendant, Scribner Hall & Thompson, LLP, by and through counsel, Kevin Byrnes, and pursuant to Rule 12(b)(6) of the Fed. R. Civ. Pro., hereby seeks an order dismissing the Plaintiff's *pro se* Complaint of Discrimination (hereinafter "Complaint") with prejudice.

**A.    Procedural History**

1.    On February 18, 2005, Plaintiff was terminated from her employment with Scribner Hall & Thompson, LLP.

2.    Plaintiff was provided severance and paid through March 15, 2005 and was also provided health insurance through March 31, 2005. In addition, Plaintiff was given her monthly metro farecard of $75 that is issued to every employee.

3.    On June 30, 2005, Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission and alleged *in toto* the following facts in support of her claim that she was discriminated against based on race [1]:

---

[1] The administrative charge sheet contains check off boxes that set forth the theory of discrimination the applicant is proceeding under. Ms. Alfred checked off only race. See Exhibit A.

> "I worked for Scribner, Hall & Thompson, LLP for three years as a secretary and as a back-up for the office manager. On February 18, 2005, I was told that I was terminated, but that my work was "excellent." On this day, the Managing Partner and office manager both told me that they would provide letters of recommendation. Sometime in March, 2005, and in response to my correspondence, my former employer changed its position and told me that my work had been a problem for nine months. This was never communicated to me verbally or in any performance review. In the three years I worked for my former employer, I have been the only person fired. My former employer also said that it would no longer provide to me the letter of recommendation which it originally offered.
>
> During my three years of employment, I have also noticed that African-American employees were treated differently from Caucasian employees. Caucasian employees are allowed leniency with performance issues as well as time and attendance issues. One Caucasian employee was allowed to drink beer and curse during office hours, she was not fired. Caucasian employees were also not harassed by the office manager as were the African-American employees."

4. Plaintiff neither amended nor supplemented her administrative charge, which was dismissed by the EEOC on March 20, 2006.

5. On June 20, 2006, Plaintiff filed the instant Complaint alleging discrimination based on "Racial and Sexual Discrimination" Count One and "Age Discrimination" Count Two.

6. For the reasons set forth below, Defendant moves this Court to dismiss the action pursuant to Fed. R. Civ. Pro 12(b)(6) on the grounds that Plaintiff's Complaint fails to state a basis on which relief can be granted.

**B.** **Plaintiff's Mixed Case Count Must Be Dismissed for Failure to Exhaust Required Administrative Remedies**

7. Plaintiff's administrative complaint was filed solely pursuant to Title VII and solely on a claim of race. See Exhibit A.

8. Plaintiff's civil Complaint, however, was not filed on race, but on a mixed motive claim of race and sex discrimination.

9.     As a matter of law, plaintiff cannot raise a theory of discrimination she did not assert at the administrative filing phase. 29 USC §§ 701, 703, 706; 42 USC §§ 2000e *et seq.*, 2000e2 to 2000e5.

10.    It is well established that a plaintiff must give administrative notice to the EEOC of the grounds for their action.  This requirement exists as both a notice provision and as a means for providing voluntary compliance and conciliation through the administrative process. Id.  Plaintiffs may not simply bypass that scheme when filing complaints in federal court.

11.    Ms. Alfred ignores both the letter and intent of the Title VII statutory scheme and seeks to bring, for the first time a mixed-motive claim of discrimination based upon sex as well as her race.  There is no legal basis for filing either a mixed case claim or a solitary claim based upon sex discrimination because Ms. Alfred never identified such claims in her administrative charge with the EEOC prior to filing this suit.  Furthermore, there is no equitable basis available to Ms. Alfred which would permit her to evade the requirement of filing the administrative charge.  Nevertheless, after waiting nearly eighteen months after her termination, Plaintiff, now acting *pro se*, seeks to file a new claim of discrimination by presenting for the first time a hybrid, mixed-motive claim for sex and race discrimination in Count One. [2]

---

[2] The Court should be aware that, while Ms. Alfred is proceeding in this forum *pro se*, she had counsel representing her throughout the administrative case and up to at least four days prior to this action being filed. Mary Williams, Esq., previously represented Ms. Alfred and sent correspondence on her behalf.  In responding to Ms. Alfred's allegations, Defendant's counsel advised Ms. Williams in writing on April 19, 2005, that her client had failed to identify any facts to support her unspecified claims of discrimination based on race.  Over a year later, Ms. Williams, for the first time, advised the Defendant that Ms. Alfred intended to file a suit based upon the mixed-motive of sex and race discrimination (Count One) and Age Discrimination (Count Two).  Counsel specifically advised Ms. Williams that not only were Ms. Alfred's claims upon these theories time-barred, but also jurisdictionally barred because Ms. Alfred had not identified these allegations to the EEOC.  See Exhibit A.  Counsel then informed Ms. Williams that the filing of such a suit on such grounds would be frivolous and perhaps even sanctionable.  Four days later, Ms. Alfred filed this action, *pro se*.  While it may not have been the intent of the Plaintiff, the court should not countenance a *pro se* filing as a last minute attempt to create rationales for expanding a complaint on equitable grounds.

**C.      A Mixed Case Claim Is a Distinct Type of Claim of Discrimination**

12.     Exhaustion of administrative remedies requires a claimant to give notice to <u>all</u> claims of discrimination in the administrative complaint, such that [a] "A Title VII lawsuit following the EEOC charge is limited in scope to allegations that are 'like or reasonably related to the allegations of the charge and growing out of such allegations'"[3]

13.     A court cannot allow liberal interpretation of an administrative charge to permit a litigant to ignore the Title VII administrative process. [4] At minimum, the charges contained in the Plaintiff's lawsuit must have their origin in the initial EEOC complaint.  The breadth of a civil suit can only be as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination.[5] To determine whether an allegedly discriminatory action falls within the scope of a claim, the administrative compliant must meet the "requirement of some specificity in a charge."[6] and this requirement is not "merely technicality"[7] but a jurisdictional requirement.  Thus a charge must at least set a theory which supports a claim.  As noted on the administrative charging document, the EEOC has boxes to check that specify that theory.  Ms. Alfred checked race only and identified race only in her bare bones allegation.  Neither sex or mixed race/sex were even identified as grounds for her charge.

---

[3] <u>Park v. Howard University</u>, 71 F.3d 904, 907 (D.C. Cir. 1985) <u>citing, Cheek v. Western and Southern Life Ins. Co.</u>, 31 F.3d 497,500 (7th Cir. 1994).

[4] <u>Id.</u> citing Ostapaowicz v. Johnson Bronze, Co., 541 F2d 394, 398 (3rd Cir. 1976) <u>Cert. denied</u> 429 U.S. 1041 (1997)

[5] <u>Stuart</u> at 631.

[6] <u>Id. citing Rush v. McDonald's Corp.</u>, 996 F2d 1104, 1111 (7th Cir. 1992).

[7] <u>Id.</u>

14.     In point of fact, Plaintiff's administrative charge, has no *hint* whatsoever of any alleged discrimination based upon either a mixed motive claim or on sex.  Instead, Ms. Alfred states succinctly that "I believe I was terminated because of my race (Black) in violation of the Civil Rights Act of 1967, as amended."  See Exhibit A.

15.     This Circuit has repeatedly held that "[a] claim not included in an administrative complaint is barred under Title VII unless it is like or reasonably related to another claim or other claims that were exhausted administratively.  Park, 71 F3e at 907.  In this respect, a mixed case claim is a distinct form of discrimination thus it must be alleged administratively."  As this circuit has noted when reviewing the exhaustion issue, where [a] fair reading of the record fails to reveal that a sex discrimination allegation, in any form, was [ever] brought to the EEOC's attention by [the] Plaintiff.  *An allegation of race-based discrimination does not, by itself, include an allegation of sex discrimination; these allegations are discrete, and they must be identified specifically and separately.*[8]

16.     Neither mixed motive nor sex discrimination were ever identified in the administrative charge filed with the EEOC.  Plaintiff has therefore filed a new claim outside that filed in the administrative process.  As such Count One therefore fails as a matter of law because it is based upon the mixed-motive of sex *and* race discrimination and must be dismissed.

---

[8]  Caldwell v. Service Master, Corp., 966 F Supp. 33, 49 (D.D.C. 1997). (emphasis added). see Rush v. McDonald's Corp., 966 F 2d 1104, 1112 (7th Cir. 1992); Lowe v. City of Monrovia, 775 F2d 998, 1010 (9th Cir. 1985), amended, 784 F2d 1407 (9th Cir. 1986). See generally Linderman & Grossman, 2 Employment Discrimination Law 1450-51 (3rd ed. 1996)

**D.     Count Two also Fails to Exhaust Administrative Remedies**

17.     Count Two seeks relief under the ADEA for the Plaintiff's termination on February 18, 2005 (see ¶ 5 of Complaint).

18.     In her administrative charge, Plaintiff failed to allege that she was discriminated against on the basis of her age.  As the Plaintiff never filed a formal claim with the EEOC alleging age discrimination, her claims of age discrimination are barred for failing to exhaust administrative remedies.

19.     Although it is true that the ADEA does not require that the EEOC investigative process to be utilized up through its conclusion, in order for a claim of age discrimination to ripen into a cause for a federal district court, the person seeking to file the civil action must still file a timely charge identifying age discrimination.[9]  The Plaintiff did not.

**E.     Complaint Is Time-Barred Because It Was Filed More Than 300 Days since the Incident Giving Rise to the Claim**

*COUNT ONE: Mixed-Motive Discrimination and the 300-Day Rule*

20.     A Title VII plaintiff alleging sex discrimination must complain within 300 days of the alleged event to establish jurisdiction over the act.[10]  In the instant case, the alleged discriminatory event of Ms. Alfred's termination and her termination, the only act on which Plaintiff bases her prayer for relief, took place on February 18, 2005 See ¶ 5 of Complaint, thus more than 300 days have elapsed since February 18, 2005, Count One  for a mixed-motive

---

[9] See 29 USC § 626(d).

[10] A plaintiff has 180 days from the time of the alleged unlawful employment practice to file with the EEOC, 42 USC § 2000e-5(e)(1), but a 300-day filing period applies if the charging party "institute[s] proceedings with a State or local agency with authority to grant or seek relief" from unlawful employment practices.  Edelman v. Lynchburg College, 535 U.S. 106, 109 122 S.Ct. 1145, 1147 (2002) citing also EEOC v. Commercial Office Products, Co., 486 U.S. 107,110 (1988).

discrimination based upon sex discrimination and race discrimination is time-barred [11] and must be dismissed as a matter of law.[12]

*COUNT TWO: Age Discrimination and the 300-day Rule*

21.  Count Two seeks relief under ADEA.  The ADEA imposes time limits similar to Title VII: 300 days[13] from the date of the alleged discriminatory event.  Under the ADEA an individual may commence a civil action 60 days after filing the EEOC charge and need not exhaust the administrative remedies at the EEOC. [14] Nevertheless, "[n]o civil action may be commenced...." unless "a charge [is] filed within... 300 days after the alleged unlawful practice occurred." [15] As stated above, the alleged discriminatory act occurred on February 18, 2005.  See ¶ 5 of the Complaint.  As with the EEOC, there was no timely administrative charge mentioning or identifying age discrimination filed within 300 days of this event with the EEOC, the claims are time-barred.

---

[11] As noted, the basis for relief in Count One is predicated on a confluence of both the Plaintiff's sex and her race. The theory of discrimination in Count One is based upon non-severable, mixed-motive basis.  See ¶ 15 of Complaint.  Therefore, Count One failed because the Plaintiff may not prevail on a mixed-motive theory of discrimination when it was not previously alleged in a timely manner that she was the subject of discrimination for any other reason than her race. See Exhibit A.

[12] For Title VII claims, a plaintiff must file a charge with the EEOC before bringing suit in district court, a plaintiff can only complain of discrimination that "occurred" within either the 180-day period or the 300-day period immediately preceding the filing of the EEOC charge. 42 USC § 2000e-5(e).

[13] In a state that has its own laws against age discrimination and a state agency to enforce those laws, the EEOC charge must be filed within 300 days of the discriminatory event (here, discharge from employment). See 29 USC 626(d)(2); 29 USC 633(b).

[14] See 29 USC 626(d).

[15] 29 USC 626(d)(1)(b).

F.    **Punitive Damages Are Not Recoverable Based on the Facts Alleged**

22.    Ms. Alfred's Complaint largely fails to state any facts supporting any claim of relief and certainly fails to allege any cause of action by which punitive damages may be considered. Pursuant to Rule 12(b)(6), the claim for punitive damages in the Complaint's prayer for relief should be stricken with prejudice.

*Complaint Fails to State a Claim for Punitive Damages under Title VII*

23.    Title VII provides that a plaintiff may recover punitive damages only where the plaintiff demonstrates that the defendant "engaged in a discriminatory practice...with malice or with reckless indifference to the federally protected rights of an aggrieved individual."[16] To establish malice or reckless indifference, a plaintiff must demonstrate that the defendant had the "requisite state of mind" of malice or reckless indifference.[17]

24.    To sustain a claim for punitive damages under Title VII, the Plaintiff must at least plead that the Defendant "discriminate[d] in the face of a perceived risk that its actions will violate federal law."[18] One searches Plaintiff's Complaint in vain for any showing of the requisite intent or malice or notice that the Defendant's was violating Title VII. Indeed, the Complaint does not even allege that the Defendant acted with any discriminatory motive in the first instance. Instead, Ms. Alfred complains that she is a black female over 40 who was terminated and since she is a black female over 40 that termination is unlawful. Ms. Alfred does not even allege a nexus between any act of discrimination and her discharge. Not only does Ms. Alfred not allege

---

[16] 42 USC 1981a(b)(1)

[17] Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 538 (1999); see also Luciano v. Olsten Corp., 110 F3d 210, 219-20 (2d Cir. 1997).

[18] Id. at 536.

that the Defendant acted intentionally, with malice, with reckless indifference, or in any knowing fashion, she does not even allege discrimination. Thus, the Plaintiff cannot receive punitive damages as a matter of law because there is no conduct that allows for the imposition of punitive relief against the Defendant contained in her Complaint.

*Punitive Damages Are Not Available under the ADEA.*

25.     The ADEA does not permit "punitive damages" as sought by the Plaintiff's prayer for relief, thus the request must be stricken as a matter of law.

**G.     Title VII and ADEA Do Not Alter an Employee's At-Will Status**

26.     The Complaint, on its face, factually fails to state a cause of action for which relief may be granted. Looking at Plaintiff's Complaint, it is clear Plaintiff is really at issue with the "at-will" nature of her discharge. She contests the lack of notice and a failure to provide severance. But, Title VII and the ADEA are laws designed to cure and reverse the effects of sexism, racism and ageism. They are not devices intended to usurp the common law of the District of Columbia regarding at-will employment. Federal anti-discrimination laws do not change an employee's at-will status and simply do not require that employers provide notice and severance packages for at-will employees, as Ms. Alfred seems to insist.[19]

27.     Paragraph 15 of the Complaint is evidence that the Plaintiff's underlying complaint is really one where she believes she is entitled to relief because the Defendant terminated her "without cause" and without prior notice, as well as denying her *reasonable*

---

[19] If an employee is hired without an expressed term or duration for employment, as was the Plaintiff, it is presumed that she is an at-will employee. Austin v. Howard University, 267 F Supp. 2d 22, 25 (D.D.C. 2003). See Nickens v. Labor Agency of Metropolitan Washington, 600 A2d 813,816 (D.C. 1991); See Washington Welfare Ass'n, Inc. v. Wheeler, 496 A2d 613, 616 (D.C. 1985); See Sullivan v. Heritage Foundation, 399 A2d 856, 860 (D.C. 1979). Under District of Columbia law, an employer may discharge an at-will employee at any time for any reason. Id. See, e.g., Thigpen v. Greenpeace, Inc. 657 A2d 770, 771 (D.C. 1995).

severance." While Plaintiff might believe that filing a lawsuit is a means to obtain *additional* severance pay, these allegations standing alone are insufficient as a matter of law and do not entitle the Plaintiff to relief under anti-discrimination laws.

28. The Complaint is devoid of any allegations that the Plaintiff was terminated <u>because</u> she was African-American, female or over 40 years-old. Indeed, the Plaintiff, in her Complaint, acknowledges that there were legitimate business reasons for her termination. <u>See</u> ¶¶ 12-14 of Complaint (insubordinate at-will employee). Nowhere does the Plaintiff contest these grounds. Instead, Plaintiff merely contends other employees acted as bad or worse then she did and that this somehow entitles her to severance pay.

**H.     <u>Conclusion</u>**

29. Plaintiff's Complaint fails to state a cause of action against the Defendant. Plaintiff failed to exhaust her administrative prerequisites with the EEOC. Counts One and Two are time-barred. The relief of punitive damages are unavailable under the law and are not supportable by the allegations contained in the Complaint. For these reasons, pursuant to Rule 12(b)(6), the Complaint should be dismissed with prejudice.

                                                        Respectfully Submitted
                                                        SCRIBNER HALL & THOMPSON, LLP
                                                        By Counsel

    /s/ Kevin Byrnes
Kevin Byrnes, DC Bar # 480195
Wade & Byrnes, P.C.
616 N. Washington Street
Alexandria, Virginia 22314
Phone: 703/836-9030
Fax: 703/683-1543
Counsel for Defendant

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 19th day of July, 2006, a true copy of the foregoing Motion to Dismiss Complaint of Discrimination was mailed, via certified mail to the Complainant, *pro se:*

  Lisa Alfred
  1608 H Street, S.E.
  Washington, D.C. 20003

                  /s/ Kevin Byrnes
                  Kevin Byrnes