UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA ALFRED,                       )  |  |
|     Plaintiff, *pro se*     ) | |
|                                                      ) | |
| v.                                              ) | Civil Action No. 14:06CV01118 |
|                                                      ) | |
| SCRIBNER HALL THOMPSON LLP  ) | |
|     Defendant.          ) | |

**AMENDED REPLY OF SCRIBNER HALL & THOMPSON LLP
TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Pursuant to LCvR 7(d), Defendant Scribner Hall & Thompson LLP ("Defendant" or "Scribner Hall") files its Reply to the Opposition to Defendant's Motion to Dismiss filed by the Plaintiff Lisa Alfred ("Plaintiff" or "Ms. Alfred") on December 3, 2006.

**I.     OPPOSITION IS UNTIMELY AND VIOLATES COURT ORDER**

On October 28, 2006, this Court entered an order directing the Plaintiff to respond to the Defendant's Motion to Dismiss which was filed on July 19, 2006, "within 30 days of this order." The Court noted that it was doing so because Plaintiff was appearing *pro se*, and thus may not have been aware of her need to respond to Defendant's motion.

In addressing the issue of Ms. Alfred's submission, it should be noted that LCvR 7(b) requires that an opposition to be filed within 11 days of receipt of the Defendant's Motion to Dismiss or else the court can deem the motion as conceded.

While Ms. Alfred should have been aware of this requirement under the Local Rules, Defendant understands that *pro se* litigants are granted some leniency. Nevertheless, Ms. Alfred was at the time of the Court's directive, already 58 days beyond Local Rule 7(b) requirement, thus with the additional 30 days, Ms. Alfred was given a

1

total of 99 days to respond to Defendant's motion. Nevertheless, Ms. Alfred failed to do so.

The Court's Order to Ms. Alfred, requiring her response, should be seen as the functional equivalent of a show cause order. Thus, Ms. Alfred's willful refusal to make a timely submission in the face of a specific directive is not then an omission by a non-lawyer litigant, but a refusal to adhere to an explicit directive of the Court, which itself was designed to provide specific notice to Plaintiff of her need to timely respond.

Though a *pro se* litigant, the Plaintiff is not unsophisticated in her duties to court deadlines. Plaintiff has a Masters Degree and by her own allegation, has "considerable work and human rights experience." See ¶ 3 of Complaint. Ms. Alfred has also worked as a legal secretary and it is believed she is currently employed by a law firm. Id.

Further, during the administrative phase of the case, Ms. Alfred was represented by attorney Mary C. Williams, D.C. Bar No. 489632 (Pl. Ex. A, B & C). While we are uncertain whether Ms. Alfred continues to obtain undisclosed legal guidance from Ms. Williams or another attorney, she is certainly not in the same position as an indigent or prisoner petitioner to this Court. Thus, Ms. Alfred knew, or should have known, of both the original necessity of her filing a response to the motion to dismiss, and the absolute necessity of timely compliance with this Court's directive on October 28, 2006. Ms. Alfred nevertheless ignored the order, and indeed, did not file a response until *after* Defendant requested the Court enter an order against her in this case on November 28, 2006.

Again while some latitude can be given to non-lawyers who file *pro se* cases, that latitude should not be allowed to circumvent the Federal Rules of Civil Procedure, the

2

rules of this Court, or as here, a specific and explicit directive of the Court.  See Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993).  To allow Ms. Alfred to ignore this Court's order is dismissive of the Court's own ability to control litigation before it, and presents an unfair burden to the Defendant, who has been forced to file several pleadings to obtain a timely explanation of the legal basis for what should be seen as a groundless suit.  Additionally, the courts are not legal training grounds.  Having entered into this arena, without counsel, particularly after having been represented before, Ms. Alfred cannot claim a lack of knowledge of its procedures as a defense.  Her Opposition should be stricken as a matter of course, and the relief sought by the Defense in its motion should be granted.

> II.   **PLAINTIFF'S OPPOSITION RELIES ON ERRONEOUS STATEMENTS OF THE FACTS AND LAW**
>
>> A.   Plaintiff's Reliance on Settlement Letter is Legally Inappropriate and Factually Incorrect

Plaintiff's substantive submission is defective on a number of grounds.  First, to establish her position, Plaintiff inappropriately seeks to rely on settlement discussions between Defendant's counsel, Kevin Byrnes, and Plaintiff's attorney, Mary Williams. PL Ex C.  Such materials are inadmissible for any purpose other than settlement, FRE 408.  However, they also do not state what Plaintiff claims they state:  that the Defendant was on notice of her mixed race/sex and age based discrimination claims.  Indeed, both on their face and when read with Defendant's counsels responses included, the letters relied on by Ms. Alfred establish only that Defendant repeatedly requested that Plaintiff identify the facts and theories upon which her otherwise vague claims of discrimination were

based. Plaintiff and her counsel refused to provide such information either for tactical reasons or because of a lack of such proof. [1]

> B. <u>Plaintiff Purported Supplementation to the EEOC Bears Indicia of Unreliability and Does Not Provide Notice of Her Mixed Race/Sex Claim or Her Age Claim</u>

Plaintiff next argues that she submitted additional information to the Equal Employment Opportunity Commission (EEOC), which was designed to give Defendant notice of her mixed race/sex and age claims.  <u>See</u> PL Ex B.  Plaintiff contends that Exhibit B was sent to the EEOC, but Agency failed to include in its notice to Defendant.  Plaintiff thus claims that the EEOC was negligent in not including such facts and therefore she is not to blame for any lack of notice to Defendant and should be allowed to amend her claim.

Defendant takes exception to the claim that there is proof that the EEOC ever received Plaintiff's exhibit B.  First, the "cover letter" submitted by Plaintiff, references only the filing of the claim; it does not cite any attachments or exhibits to that claim.

---

[1] <u>See</u> Letter from K. Byrnes to M. Williams, April 19, 2005 (Pl. Ex.C)( "I note that you have yet to cite any factual or legal support for Ms. Alfred's request for additional compensation…."; "You provided no reason, proof or response." "Frankly we both have an obligation to pursue only factually valid and legally supportable claims, and to date, Ms. Alfred had raised none.  If you were to proceed as threatened without any basis, we reserve the right to seek appropriate judicial sanctions.  In closing, if you have a claim, we need to hear it.  Otherwise, I must reject any further discussion on this issue."); <u>see also</u> Letter from K. Byrnes to M. Williams, April 18, 2005, also part of Pl. Ex. C: (to wit "[i]f Ms. Alfred … has evidence that other similarly situated employee were given preferential treatment or some illegitimate motive existed for her removal, she should state such a claim and we will consider it.  Otherwise, we must perceive such vague allegations of improper motives as little more than an attempt to cause a settlement through innuendo, something the Firm will not do and we will not countenance." ). Additionally, the issue of race/sex and age discrimination were never identified by Plaintiff until February 9, 2006 when her counsel made a last ditch effort to secure more severance for Ms. Alfred.  Defendant's Exhibit A.

4

Defendant would have expected Ms. Alfred to have specifically noted the attachment in either the body of her letter to the EEOC or as an attachment under her signature block.

Second, the complaint itself appears to be an organic whole. The document specifically delineates race and only race [2] as a basis for the filing and contains a brief summary of its basis. Nothing on the form suggests references or states that additional documents existed.

Third, while the cover sheet and claim are date stamped, evidencing receipt, the additional submission is not so stamped.

Fourth, even if the additional pages are included as part of Ms. Alfred's "EEOC claim", they make no reference to age or mixed race and sex discrimination claims. Thus, there is nothing in the statement itself that, even had the EEOC forwarded it to Scribner Hall & Thompson would have provided the Defendant notice of Plaintiff's newly crafted claims. [3]

Fifth, the "negligence" of the EEOC has not been established, nor can it be by Ms. Alfred's self-serving submission. Further, even if the EEOC was negligent, that

---

[2] The Plaintiff's July 8, 2005 Official Notice of Charge of Discrimination EEOC FORM 5 (5/01), the official complaint form, identified:

[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [ ] RETALIATION   [ ] OTHER

as the sole basis of her allegation for workplace discrimination which was attached as an Exhibit to Motion to Dismiss (July 19, 2006). Ms. Alfred's July 8, 2005 formal charge of discrimination was prepared while Ms. Alfred was represented by counsel, Ms. Mary C. Williams, D.C. Bar No. 489632, and presumably Ms. Williams assisted with the filing since her name appears on it (Pl. Ex. A, B & C).

[3] At no time prior to the filing of the Opposition, did Defendant receive a notice of the information purportedly supplied in the undated, unstamped, and unsigned supplement Ms. Alfred now produces. Pl. Ex B. Frankly, the submission of Ms. Alfred is not subject to authentication, and without testimony or some other indicia from the EEOC showing that they in fact received this document, but failed to properly process it and forward it to opposing counsel, the Court should not consider the exhibit.

5

negligence cannot be attributed to Defendant. Plaintiff was represented by counsel and was repeatedly requested to supply a factual predicate for any possible claims. Ms. Alfred and her counsel refused to do so, thus they cannot now claim lenity on the issue.

      C.      <u>Plaintiff Failed to Administratively Exhaust Her Claims of Race/Sex and Age Discrimination and Thus They are Barred as a Matter of Law</u>

While maintaining that she did give notice, Plaintiff advances at the same time the logically inconsistent argument that although Defendant did not receive notice of her mixed race/sex and her age claims, it does not matter because Plaintiff allegations of mixed race/sex and age discrimination rise from the same discrete acts "as the initial race claims."

Plaintiff simply ignores the law. 29 USC §§ 701, 703, 706 and 42 USC §§ 2000(e)(2) and 2000(e)(5) require that as a jurisdictional pre-requisite to suit, Plaintiff <u>must</u> file an administrative charge with the EEOC within 300 days of the discriminatory act. The central purpose of such a rule is to provide notice to a defendant and to allow the EEOC to perform its function of investigating and potentially resolving employment discrimination disputes. [4] Federal Courts are, therefore, limited to acting only <u>after</u> the EEOC is given notice of claims and an opportunity to investigate those claims. [5] Thus, Ms. Alfred may not simply ignore the requirement that she administratively exhaust her

---

[4] <u>See</u> n. 1 <i>infra</i>.; <u>see also</u>, <u>EEOC v. Waffle House, Inc.</u>, 122 S.Ct. 754 (2002)(reaffirming the importance of the EEOC's investigative and prosecutorial powers and declaring such functions not subject to express waiver).

[5] <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 152 (1984) (per curiam)(the "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.") <u>Adams v. Mineta</u>, 2006 WL 367895 at *3 (D.D.C. 2006) (emphasizing the need for "strict adherence to the procedural requirements" of Title VII.).

claims by claiming the separate theories of race/sex and age discrimination are self evident from her prior claim.

Indeed, regardless of how stated, Plaintiff alleges that the triggering discriminatory act "occurred when she was" terminated without notice on February 18, 2005. Complaint ¶ 3. At no time prior to filing her complaint however, did Plaintiff file any claim with the EEOC alleging race/sex or age discrimination. In fact, at the time she filed her complaint, more that 657 days had passed since the act giving rise to the claims. Clearly her claims are untimely. [6]

> D. Loe v. Heckler Does Not Allow Plaintiff to Avoid Administrative Exhaustion

The Plaintiff claims the case Loe v. Heckler provides her with an escape hatch on the issue of administrative exhaustion. Loe v. Heckler, 768 F2d 409, 420 (D.C.Cir. 1985). Her contention is baseless. Loe merely stated that the EEOC may take cognizance of discrimination allegations that are revealed during a related and on-going EEOC investigation. Loe then serves to conserve the EEOC's resources, to allow the EEOC to pass on matters before it, as a part of the Commission's adjudicative and investigative mandate. This is not the case here as the EEOC never sought, by its own authority to include claims it had discovered. Further, Loe is not a catch-all that allows deleterious litigants to avoid complying with formal charge requirements but simply recognition of the EEOC's power to include matters raised by its own action in an investigation of a compliant.

---

[6] 29 U.S.C. §§ 701, 703, 706, 42 U.S.C. §§ 2000e et seq., 2000e(2), 2000e(5).

E.   Webb v. District of Columbia is Inapposite and has Been Overruled

The Plaintiff also misstates the holding in Webb. v. District of Columbia, 864 F. Supp. 175, 184 (D.D.C. 1994). See ¶ 7 of Opposition. Webb stood for the proposition, *disputed among the circuits at the time*, that an EEO claimant not need re-file claims for *retaliation discrimination* that arose during the pendency of an existing claim if the retaliation is reasonably related to that claim. We note at the outset, that Ms. Alfred's Complaint makes no allegation of *retaliation*. More importantly, Webb was *overruled*.

In 2002, the Supreme Court explicitly held that the Title VII statute of limitations "precludes recovery for discrete acts of discrimination *or retaliation* that occur outside the statutory time period." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 105, (2002) (emphasis added).[7] Since the Morgan ruling, this Court has consistently applied the Supreme Court's precedent that "a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period." Bowie v. Ashcroft, 83 F.Supp.2d 25, 34 (D.D.C. 2003) citing Morgan at 122; see also Adams v. Mineta, 2006 WL 367895 at *3 (D.D.C. 2006) ("Morgan emphasized the need for "strict adherence to the procedural requirements" of Title VII."). Morgan precludes Ms. Alfred from simply ignoring her requirements to allege sex and age discrimination through a formal charge with the EEOC within the 300 day period.

F.   Nealon v. Stone is Also Inapposite and of Questionable Viability Post *Morgan*

Similarly, Ms. Alfred's reliance on Nealon v. Stone 958 F.2d 584 (4th Cir. 1992) is misplaced as the case neither says what she purports it to say, and has all but been overruled by this Court. Ms. Alfred claims that Nealon stands for the proposition that

---

[7] It should also be noted that Plaintiff does not allege any "continuing violation theory" and cannot since her termination was the act which triggered her claims.

8

Court's "do[] not require[] the Plaintiff to file an EEOC charge." cited in ¶ 13 of the Opposition. Nealon, however, dealt with a retaliation claim made by federal employees under a continuing violation theory. Again, in a pre-Morgan case, Nealon held that a federal employee complaining of retaliation arising out of a filing of the initial charge did not have to exhaust administrative remedies before proceeding on the retaliation claim. Nealon however, also held that a federal employee's duties to timely notice of an allegation of discrimination would only be tolled where the government should be estopped by its own misconduct, or where the employees were made unaware of the time requirement. Nealon at 589.

Nealon does not assist the Plaintiff. In the federal-sector process, agencies are required to provide training and notice concerning how to file claims of employment discrimination. See 29 C.F.R. §1614 *et seq.* Further, federal employees face a more severe initial notice period than private employees (45 days *versus* 300 days). Id. Most importantly, the continuing application of Nealon is highly doubtful given the Supreme Court's pronouncement in Morgan. See e.g. Keeley v. Small, 391 F.Supp.2d 30, 40 (D.D.C. 2005)(Bates, J. holding Nealon of doubtful continuing viability); Romero Ostolaza v. Ridge, 370 F.Supp.2d 139, 148 (D.D.C. 2005)(Lamberth, J., holding same).

G.   Equitable Tolling is Not Available to Plaintiff

Ms. Alfred's pleading is really a request for equitable tolling of the administrative claim filing requirements. A case for equitable tolling or modification requires an analysis of the attendant equities, the controlling law, and the relative positions of the parties. The Court must also be cognizant of "whether the claimant has decided to

[simply] file a charge as an after-thought."[8]  This is clearly the case with Ms. Alfred. Indeed, the Plaintiff did not seek to raise her claims under Count One (mixed motive of sex and race) and Count Two (Age) until after her baseless demands for cash settlement were rejected.  See Pl. Ex. A, B, C.

The Plaintiff's failure to notify the EEOC of her claims in advance of filing this suit should not be permitted to prejudice the Defendant, the EEOC and this Court.  The Plaintiff had a clear statutory requirement which was ignored by both her, and her counsel, before filing this suit.  For equitable relief, the Plaintiff must demonstrate *some* due diligence or employer malfeasance [9]  Plaintiff does not and cannot allege that Scribner Hall precluded the Plaintiff from complying with EEOC law.  In fact, the evidence is that the Defendant repeatedly sought to elicit the basis of the Plaintiff's claims and that the Plaintiff's attorney deliberate refused to do so.  Pl.Ex C.[10] Moreover, the "evidence" submitted by the Plaintiff, even when read most favorably to her, demonstrates that it was the Plaintiff's *bad faith*, or her lawyer's refusal to respond to the Defendant's queries as to the grounds for the Plaintiff's claim of discrimination, that led

---

[8] Sutter, Matthew T. *Title VII & the ADA's Continuing Violation Theory and the Singling Filing Rule: A Guide to How to Piggyback Stale Claims onto Fresh Ones.* 23 Quinnipiac Law Review 501, 505 (Fall 2004).

[9] Equitable modifications to the 300-day deadlines come in two forms, either as a tolling or estoppel. "[C]ourt[s] define. . . 'equitable tolling' as allowing a claimant to avoid the limitations period bar if he or she is unable to obtain vital information . . . despite due diligence. . ." Id. see also Currier v. Radio Free Europe/Radio Liberty Inc., 159 F.3d 1363 (D.C. Cir. 1998); Katz, Leo, *Equitable Modification of Time Limitations Under Title VII,* 48 U. CHI. L. REV. 1016 (1981)).  An employer is estopped from asserting that the time has passed for a claim if the employer's actions or misrepresentations prevented the claimant from seeking timely redress. Id. Neither circumstance is applicable here.

[10] See n. 2 *infra.*

to the inexplicable failure to identify the basis for her claims of discrimination to either the EEOC or the Defense before filing suit.[11]

### III. COMPLAINT OTHERWISE FAILS TO STATE A COGNIZABLE CLAIM UNDER FEDERAL ANTI-DISCRIMINATION LAWS

Ms. Alfred, in her complaint, acknowledges she was at all times an at-will employee. In stating the basis of her claims, Ms. Alfred admits:

> "She [Ms. Alfred] was terminated without notice in February 2005;" ¶ 3;
>
> "Plaintiff was given one-week severance at that time;" ¶ 6
>
> Plaintiff was informed that she would receive additional severance; ¶ 7
>
> Plaintiff performed beyond her duties; ¶ 8
>
> Plaintiff was highly regarded; ¶ 9 and 10
>
> Plaintiff was told that [Defendant] owed her no explanation for termination because she was an at-will employee; ¶ 12 and
>
> "[Defendant] did not discuss any of the 'concerns' raised in a post-termination letter to Plaintiff on March 10, 2006." ¶14

These facts, even when taken in a light most favorable to the Plaintiff, show that the Plaintiff is not challenging her termination, but only a lack of notice and a failure to provide *more* severance. Thus, Ms. Alfred's complaint is not so much a discrimination claim, as it is a strained and unsupportable allegation of breach of contract against the Defendant for failing to provide her prior notice before, and a severance after, her otherwise valid termination. The doctrine of at-will employment, however, clearly preempts this.

---

[11] Id.

Regardless of the adamancy of Plaintiff's belief that she is entitled to notice and severance, the law is unequivocal that barring a contractually-based right, she is entitled to neither. Pl. Ex. C, compare Strauss v. Kaiser Found Health Plan, 744 A.2d 1000, 1011 (D.D.C. Cir. 2000) citing, Nickens v. Labor Agency of Metro. Washington, 600 A.2d 813, 816 (D.C.1991) see also, Perkins v. District Government Employees Federal Credit Union, 533 A.2d 842 (D.C. Cir. 1995).  Moreover, the at-will nature of Ms. Alfred's employment with Scribner Hall is *presumed* under the law, and Ms. Alfred has not plead facts that she was not an at-will employee to rebut this legal presumption.  Little v. Evening Star Newspaper Co., 73 App. D.C. 409, 410, 120 F.2d 36, 37 (1941) at n. 1.

Since severance and notice are not legally required, except by contract, the denial of either cannot constitute an issue cognizable under federal anti-discrimination employment law.  The Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 621 *et seq*. and the Civil Rights Act of 1964("Title VII"), 42 U.S.C. § 2000e *et seq.*, prevent discrimination, with respect to earned compensation, or the terms, conditions or privileges of employment.  29 U.S.C. § 623(a)(1); 42 U.S.C. § 2000e-(2)(a).  Severance and notice cannot be described as a "term or condition" of employment, because they are completely voluntary and discretionary and because by their very nature, they occur only after the employment is terminated.  Severance payments are in essence *gifts* provided by employers, not entitlements arising out of that employment.  Federal anti-discrimination law neither requires, nor can be construed to compel private sector employers to provide post-separation pensions for terminated at-will employees.

Thus, Ms. Alfred's true purpose in this Complaint is to use vague allegations of discrimination to force her former employer to enhance her severance package, or in the alternative, suffer the costs of suit. A review of the Complaint itself reveals this purpose. Incredibly, at no time in the Complaint does the Plaintiff claim the Defendant engaged in discrimination <u>*when they terminated*</u> her. Instead, Plaintiff suggests that two other purportedly poor performers, one a younger female, and the second, a white male, were given more notice and severance than she was prior to their respective terminations.

These allegations do not establish a "*prima facie* case" of discrimination arising out of Ms. Alfred's employment, <u>O'Connor v. Consolidated Coin Caterers Corp</u>., 116 S. Ct. 1307, 1310 (1996) <u>citing</u> <u>Texas Dept. of Community Affairs v. Burdine</u>, 101 S.Ct. 1089, 1094 (1981) because there is no evidence adequate to create an *inference* that her termination was based on a[n] [illegal] discriminatory criterion, <u>Id</u> at 1310. The donative discretion for voluntary gifts of notice and severance made by an employer, to at-will employee are not "employment" decisions subject to federal anti-discrimination law.

Given the above, Fed. R. Civ. Pro. Rule 12(b)(6) permits Defendant to seek a dismissal of a complaint since the Plaintiff fails to state a claim upon which relief can be granted. <u>Hishon v. King & Spalding</u> 467 U.S. 69, 73 (1984); <u>Kingman Park Civic Ass'n v. Williams</u>, 348 F.3d 1033, 1040 (D.C. Cir. 2003).

**IV.   CONCLUSION**

In the end, Ms. Alfred seeks to misuse discrimination law as a vehicle for enhancing her severance package. In doing so, she makes wild and frankly defamatory statements about her former co-workers, and displays the same attitude that precipitated

her discharge in the first instance. For these reasons, Ms. Alfred's case should be dismissed with prejudice.

Respectfully submitted
SCRIBNER HALL & THOMPSON LLP
By Counsel.

WADE & BYRNES, P.C.


/s/ Kevin Byrnes
Kevin Byrnes, Esq., D.C. Bar # 480195
616 North Washington Street
Alexandria, Virginia 22314
Phone: 703/836-9030
Fax: 703/683-1543
Counsel for Defendant Scribner Hall & Thompson LLP

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December 2006, a true copy of the foregoing was mailed via certified mail, return receipt requested to Lisa Alfred, 1608 H Street, S.E., Washington, D.C. 20003.

/s/ Kevin Byrnes
Counsel