UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 3 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| LISA ALFRED, *Pro Se* ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. Action No. 06cv1118 (RJL) |
| v. ) | |
| ) | |
| SCRIBNER HALL & ) | |
| THOMPSON, LLP ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(January 31, 2007)[#3]

Lisa Alfred, proceeding *pro se*, has sued the law firm of Scribner Hall & Thompson, LLP ("Scribner") for discrimination and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq* and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623. Currently before this Court is defendant's motion to dismiss. For the following reasons, defendant's motion to dismiss will be GRANTED.

### BACKGROUND

Lisa Alfred, an African-American woman over the age of 40, was hired as a legal secretary by Scribner, Hall and Thompson, LLP in January 2002. Complaint, ¶ 3. She was terminated in February 2005, allegedly because of her "increasing hostility to the practices and procedures adopted by the firm[]...and...a growing incivility to the Firm's attorney's." *Id* at ¶ 13.

1

In June 2005, Alfred filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination. *Id* at ¶ 3. Her charge was dismissed by the EEOC in March 2006. *Id* at ¶ 4.

In June 2006, Alfred filed this suit, alleging race *and sex* discrimination in violation of Title VII (Count I) and age discrimination in violation of the ADEA (Count II). Scribner has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing, *inter alia*, that Alfred failed to exhaust her administrative remedies before filing this suit because her administrative claim failed to allege age discrimination and either sexual, or mixed-motive race/sex discrimination. The Court agrees.[1]

## STANDARD OF REVIEW

A district court should grant a defendant's 12(b)(6) motion to dismiss when it is clear that no relief could result under any facts consistent with the complaint's allegations. *Conley v. Gibson*, 355 U.S. 41, 45-47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C.Cir.1997). Thus, in evaluating defendant's motion, the Court will assume the truth of all of the factual allegations set forth in plaintiff's Complaint. *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1102 (D.C.Cir.1985). Moreover, because the plaintiff is proceeding *pro se,* the Court will also construe the Complaint liberally in favor of the plaintiff. *Schuler v. United States*, 617

---

[1] As an initial matter, both Counts I and II are time barred because no charges alleging sexual discrimination or mixed racial/sexual and age discrimination were filed with the EEOC within 300 days of the alleged discriminatory act in February 2005. 42 U.S.C. § 2000e-5(e)(1).

F.2d 605, 608 (D.C. Cir. 1979). Indeed, Courts hold *pro se* litigants to a less stringent standard in recognition of the hardships they face when pleading without the assistance of counsel. See *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C.1987).

### RACE AND SEX DISCRIMINATION

Under Title VII, a plaintiff must file an administrative charge with the EEOC, and receive a right to sue letter, before filing suit in federal court. 42 U.S.C. § 2000e-5(f)(1); *Park v. Howard University,* 71 F.3d 904 (D.C. Cir. 1996). The administrative charge must set forth with specificity the theory behind the charge being made. Indeed, the EEOC administrative charging document has boxes to check that specify the plaintiff's theory behind the discrimination charge. If a charge of discrimination filed with the EEOC does not include in the administrative complaint a particular theory of discrimination, it is barred in a subsequent civil action unless the claim is "like or reasonably related to the allegations of the charge and growing out of such allegations." *Park,* 71 F.3d at 907 (quoting *Cheek v. Western and Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994)).

Here, plaintiff's complaint alleges that she was the victim of race and sex discrimination. Plaintiff's EEOC complaint, however, only includes a charge of race discrimination. Although she argues that the race and sex discrimination claims in her complaint are related, it is well established that "an allegation of race-based discrimination does not...include an allegation of sex discrimination; these allegations are

discrete and must be identified specifically and separately." *Caldwell v. Servicemaster Corp.,* 966 F.Supp.33 (D.D.C. 1997)(citing *Rush v. McDonald's Corp.,* 966 F.2d 1104 (7th Cir. 1992); *Lowe v. City of Monrovia,* 775 F.2d 998 (9th Cir. 1985)). Accordingly, because neither mixed motive (i.e. race/sex discrimination) nor sexual discrimination claims were identified in the administrative charge filed with the EEOC, the plaintiff failed to exhaust her administrative remedies by inadequately notifying the agency of the theory underlying her claim.[2] As such, Alfred's claim of race and sex discrimination in Count I of her complaint must be dismissed.

## AGE DISCRIMINATION

Like Title VII, the ADEA requires an aggrieved party to file an administrative claim with the EEOC before initiating a civil action in federal court. 29 U.S.C. § 626(d); *Washington v. Washington Metropolitan Area Transit Authority,* 160 F.3d 750 (D.C. Cir. 1998). As noted above, Alfred's EEOC charge alleged only racial discrimination. Although Alfred argues that the she filed an age discrimination claim and that the EEOC omitted it, nothing in her EEOC charge sheet or her written complaint to the EEOC supports this assertion. As Alfred has failed to demonstrate that she exhausted her administrative remedies, her ADEA claim will also be dismissed.

---

[2] Although Alfred also contends that she intended to file a charge of race and sex discrimination with the EEOC, but that the EEOC omitted her sex discrimination allegations, Pl.'s Opp., ¶ 8, nothing in her submissions to the EEOC support this contention.

4

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss will be GRANTED.

RICHARD J. LEON
United States District Judge