**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

|  |  |
|---|---|
| LISA ALFRED, <br>     Plaintiff, p*ro se* <br><br> v. <br><br><br> SCRIBNER HALL & THOMPSON, LLP <br>     Defendant | ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 1:06cv01118 <br> ) <br> ) <br> ) <br> ) |

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2007 FEB 15 PM 4: 27

NANCY M.
MAYER-WHITTINGTON
CLERK

### MOTION TO ALTER JUDGMENT, OR IN THE ALTERNATIVE, FOR RELIEF FROM ORDER OR TO RECONSIDER ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1. My Original Complaint was dismissed on the basis that I supposedly alleged mixed race and gender claim in Count 1 and an age claim in Count 2, and I only alleged race discrimination in my EEOC complaint.

2. My complaint of race and gender was wrongfully characterized as mixed. While I did not list them in separate counts, the two claims are distinct.

3. As a p*ro se* litigant, I should be given the opportunity to re-plead my race discrimination claim in an Amended Complaint, particularly when I can state a prima facie case for race discrimination. As the Court noted in its Memorandum Opinion of 31 January 2007, "Indeed, Courts hold pro se litigants to a less stringent standard in recognition of the hardships they face when pleading without the assistance of counsel."

4. I am an African-American woman residing in the District of Columbia, who was employed by the Defendant as a Legal Secretary for three years.

5. I was terminated on 18 February 2005. I was terminated in violation of Title VII the Civil Rights Act, 42 U.S.C. §2000(e) because of my race, African-American.

6. During my three year tenure, and at the time of my termination, I was performing my job at or above the legitimate expectations of my employer, the Defendant. Specifically, the Defendant conducted annual reviews of all employees. Present at all of my annual reviews were one of the Managing Partners and the Office Manager. I received three annual reviews while employed by the Defendant. All of

those reviews noted my positive work ethic, and my willingness to provide support to all staff, regardless of assignment. I only received one reprimand during one of my annual reviews. That reprimand consisted of the Defendant noting that on occasion, I arrived several minutes late for work without notifying the Defendant in advance. However, the Defendant also noted that my coming in late tended to favor the Defendant because unlike other staff, I routinely remained at work late in order to handle any last minute requests of the Defendant. Other than that reprimand, at no time did the Defendant officially state to me that my work, or personality, was lacking. I consistently received raises, bonuses and additional duties from the Defendant, including: being named backup to the Office Manager over employees that were employed by the Defendant longer than myself; and being asked and relied on to proofread and edit monthly publications.

7. White employees, however, who had not performed well or engaged in misconduct on the job, were not terminated or disciplined. Examples include:

8. John Garies, white male, in his early 30s, was the Defendant's computer specialist. During my tenure, there were numerous problems with the office's computer system due to Mr. Garies' lack of performance. This often resulted in complaints from staff. Mr. Garies made excuses for his work and did not work well in resolving computer related issues with the staff. In 2003, the managers announced to Mr. Garies that the Firm would "reorganize" its information technology section headed by Mr. Garies. The Firm then hired an outside consultant to do the work. Mr. Garies' services would no longer be needed and he was given 9 months notice of his separation. Despite Mr. Garies' dismal work performance, he was also given a sizeable bonus when he left.

9. Susan Maloney, a white female, is currently a paralegal with the Defendant. She has a great personality and is well liked but has difficulty completing assignments without lots of supervision. For that reason, the attorneys did not give her paralegal work to perform. She is barely assigned administrative work. As of my termination, Ms. Maloney was on staff in the position of paralegal.

10. Colleen Crowley, a white female, was a Tax Specialist with the Defendant. She has had difficulty meeting her job goals, including failing to produce a monthly publication on a regular basis. Upon discovery of her failure to regularly produce the monthly, the Firm handed the duties over to another employee, however, Ms.

Crowley kept her position. Additionally, Ms. Crowley often handed over her duties to secretaries to perform.

11. I was allegedly terminated for "personality conflicts with members of the firm." I was not directly told during my annual reviews or any other period about these alleged personality conflicts. I received a Favorable Ruling on Involuntary Separation from the District of Columbia, Office of Unemployment Compensation, on 17 March 2005. In that ruling, the Defendant noted that I was terminated for "personality conflicts with members of the firm."

12. However, white employees who clearly and consistently exhibited blatant hostility towards the Defendant were treated differently. Examples include:

13. Virginia Rojo, a white female, was hired as a temporary secretary and then promoted to full-time. During her full time tenure, Ms. Rojo alienated the staff, drank and used expletives while on the job, and was an all-around unpleasant person. She was rude and completed most of her assignments at the very last minute, even with the assistance of others, including myself. Ms. Rojo consistently came into work well over thirty minutes late, and was allowed to take more vacation leave than was allotted. African-American staff were routinely harassed by the Office Manager about using their allotted leave. It was well known throughout the Firm that Ms. Rojo was "liked" by Susan Hotine, a managing partner, despite her poor work ethic and unprofessional behavior. When Ms. Rojo left the job on her own, the Office Manager discovered that she had not performed much of the filing or work assigned to her. Yet, months later, Ms. Rojo was invited back to complete a temporary assignment.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff asks that the Court find in her favor and alter the judgment rendered, or in the alternative, for relief from order or reconsider the order granting the defendant's motion to dismiss.

                                              Respectfully submitted,

                                              Lisa Alfred  
                                              *pro se* Plaintiff  
                                              1608 H Street, SE  
                                              Washington, DC 20003-3110  
                                              (202) 547-1304

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February 2007, a true copy of the foregoing was mailed via first class mail, to Kevin Byrnes, Counsel for Defendant, 616 North Washington Street, Alexandria, Virginia 22314.

*/s/ Lisa Alfred*
Lisa Alfred
*Pro Se* Plaintiff
1608 H Street, SE
Washington, DC 20003-3110
(202) 547-1304