UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FEB 1 5 2007

**RECEIVED**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

RECEIVED
U.S. DISTRICT COURT
DISTRICT

7007 FEB 15 PM 4: 23

NANCY M.
MAYER-WHITTINGTON
CLERK

| | | |
|---|---|---|
| LISA ALFRED, | ) | |
| Plaintiff, *pro se* | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.  1:06cv01118  RJL |
| | ) | |
| SCRIBNER HALL & THOMPSON, LLP | ) | |
| Defendant | ) | |

## AMENDED COMPLAINT

This Amended Complaint alleges race discrimination in employment pursuant to Title VII, 42 U.S.C. §2000e.

This Court has jurisdiction pursuant to 28 U.S.C. §1331, 1343(a)(3), and 1343(a)(4).

The claims asserted in this Amended Complaint arose in the District of Columbia. Therefore the Court has additional jurisdiction pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3).

## COUNT 1
## RACIAL DISCRIMINATION

1.      I am an African-American woman residing in the District of Columbia, who was employed by the Defendant as a Legal Secretary for three years.

2.      I was terminated on 18 February 2005.  I was terminated in violation of Title VII the Civil Rights Act, 42 U.S.C. §2000(e) because of my race, African-American.

3.      During my three year tenure, and at the time of my termination, I was performing my job at or above the legitimate expectations of my employer, the Defendant.   Specifically, the Defendant conducted annual reviews of all employees. Present at all of my annual reviews were one of the Managing Partners and the Office Manager.   I received three annual reviews while employed by the Defendant.   All of those reviews noted my positive work ethic, and my willingness to provide support to all

staff, regardless of assignment. I only received one reprimand during one of my annual reviews. That reprimand consisted of the Defendant noting that on occasion, I arrived several minutes late for work without notifying the Defendant in advance. However, the Defendant also noted that my coming in late tended to favor the Defendant because unlike other staff, I routinely remained at work late in order to handle any last minute requests of the Defendant. Other than that reprimand, at no time did the Defendant officially state to me that my work, or personality, was lacking. I consistently received raises, bonuses and additional duties from the Defendant, including: being named backup to the Office Manager over employees that were employed by the Defendant longer than myself; and being asked and relied on to proofread and edit monthly publications.

4.      White employees, however, who had not performed well or engaged in misconduct on the job, were not terminated or disciplined. Examples include:

5.      John Garies, white male, in his early 30s, was the Defendant's computer specialist. During my tenure, there were numerous problems with the office's computer system due to Mr. Garies' lack of performance. This often resulted in complaints from staff. Mr. Garies made excuses for his work and did not work well in resolving computer related issues with the staff. In 2003, the managers announced to Mr. Garies that the Firm would "reorganize" its information technology section headed by Mr. Garies. The Firm then hired an outside consultant to do the work. Mr. Garies' services would no longer be needed and he was given 9 months notice of his separation. Despite Mr. Garies' dismal work performance, he was also given a sizeable bonus when he left.

6.      Susan Maloney, a white female, is currently a paralegal with the Defendant. She has a great personality and is well liked but has difficulty completing assignments without lots of supervision. For that reason, the attorneys did not give her paralegal work to perform. She is barely assigned administrative work. As of my termination, Ms. Maloney was on staff in the position of paralegal.

7.      Colleen Crowley, a white female, was a Tax Specialist with the Defendant. She has had difficulty meeting her job goals, including failing to produce a monthly publication on a regular basis. Upon discovery of her failure to regularly produce the monthly, the Firm handed the duties over to another employee, however, Ms.

Crowley kept her position.   Additionally, Ms. Crowley often handed over her duties to secretaries to perform.

8.      I was allegedly terminated for "personality conflicts with members of the firm."   I was not directly told during my annual reviews or any other period about these alleged personality conflicts.   I received a Favorable Ruling on Involuntary Separation from the District of Columbia, Office of Unemployment Compensation, on 17 March 2005.   In that ruling, the Defendant noted that I was terminated for "personality conflicts with members of the firm."   See Exhibit A.

9.      However, white employees who clearly and consistently exhibited blatant hostility towards the Defendant were treated differently.   Examples include:

10.      Virginia Rojo, a white female, was hired as a temporary secretary and then promoted to full-time.   During her full time tenure, Ms. Rojo alienated the staff, drank and used expletives while on the job, and was an all-around unpleasant person.   She was rude and completed most of her assignments at the very last minute, even with the assistance of others, including myself.   Ms. Rojo consistently came into work well over thirty minutes late, and was allowed to take more vacation leave than was allotted. African-American staff were routinely harassed by the Office Manager about using their allotted leave.   It was well known throughout the Firm that Ms. Rojo was "liked" by Susan Hotine, a managing partner, despite her poor work ethic and unprofessional behavior.   When Ms. Rojo left the job on her own, the Office Manager discovered that she had not performed much of the filing or work assigned to her.   Yet, months later, Ms. Rojo was invited back to complete a temporary assignment.

11.      I filed an administrative complaint with EEOC on 30 June 2005 alleging race discrimination.   See Exhibit B.

12.      On 20 March 2006, I was issued a Notice of Right to Sue by EEOC.   See Exhibit C.

13.      I filed my initial complaint with the U.S. District Court on 20 June 2006. See Exhibit D.

14.      This Court dismissed my initial complaint on 31 January 2007.   See Exhibit E.

15.      This is my first Amended Complaint.

## PRAYER FOR RELIEF

As a result of my illegal termination, I have lost wages and other damages, and sustained compensatory damages such as pain and suffering, and humiliation. The Defendant's actions have led possible employers to doubt my honesty and not even consider my abilities. Since my termination, I have been unable to access full-time employment. Even though I have a college education, well over 10 years of professional experience, countless hours of community service, and have outstanding references from all previous employers - the Defendant's actions have essentially ended my professional life.

THEREFORE, I ask that the Court enter judgment in my favor on Count 1 and award damages to me in the amount of $500,000.00, and reasonable attorney fees and costs.

Respectfully submitted,

Lisa Alfred
*pro se* Plaintiff
1608 H Street, SE
Washington, DC 20003-3110
(202) 547-1304

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of February 2007, a true copy of the foregoing was mailed via first class mail, to Kevin Byrnes, Counsel for Defendant, 616 North Washington Street, Alexandria, Virginia 22314.

Lisa Alfred
*pro se* Plaintiff
1608 H Street, SE
Washington, DC 20003-3110
(202) 547-1304

# DISTRICT OF COLUMBIA GOVERNMENT
## DEPARTMENT OF EMPLOYMENT SERVICES
### OFFICE OF UNEMPLOYMENT COMPENSATION
### 609 H STREET NE SUITE 304
### WASHINGTON, D.C. 20002


Date March 17, 2005
Social Security# 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


Lisa A Alfred
1608 H Street SE
Washington DC 20003


Scribner Hall & Thompson
1875 I Street NW Suite 105
Washington DC 20006


## FAVORABLE RULING ON INVOLUNTARY SEPARATION

Claimant was discharged because of personality conflicts with members of the firm, however, no pertinent details given. Burden of proof not met by employer in establishing willful work-related misconduct.

The claimant listed herein has been determined eligible for unemployment benefits No disqualification has been imposed based on separation from your employment.

*Theresa Jackson*
Claims Examiner


I certify that a copy of this document was mailed to the employer and claimant named herein at the above address on ___3 - 17 - 05___.


*Theresa Jackson*
Signature


## (SEE SECOND PAGE FOR APPLICABLE SECTIONS OF D.C. CODE AND APPEAL RIGHTS)

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 100-2005-01428 |

| D.C. Office Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>**Ms. Lisa Alfred** | Home Phone No. (Incl Area Code)<br>**(202) 547-1304** | Date of Birth<br>**02-03-1964** |
|---|---|---|

| Street Address<br>**1608 H Street, S.E.** | City, State and ZIP Code<br>**Washington, DC 20003** | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**SCRIBNER, HALL & THOMPSON, LLP** | No. Employees, Members<br>**15 - 100** | Phone No. (Include Area Code)<br>**(202) 331-6565** |
|---|---|---|

| Street Address<br>**1875 Eye Street, N.W., Suite 1050** | City, State and ZIP Code<br>**Washington, DC 20006** | |
|---|---|---|

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code | |
|---|---|---|

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.) | Earliest: **02-18-2005**   Latest: **03-2005**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I worked for Scribner, Hall & Thompson, LLP, for three years as a secretary and as a back-up for the office manager. On February 18, 2005, I was told that I was terminated, but that my work was "excellent." On this day, the Managing Partner and officer manager both told me that they would provide letters of recommendation. Sometime in March 2005, and in response to my correspondence, my former employer changed its position and told me that my work had been a problem for nine months. This was never communicated to me verbally or in any performance review. In the three years I worked for my former employer, I have been the only person fired. My former employer also said that it would no longer provide to me the letters of recommendation which it originally offered.

During my three years of employment, I have also noticed that African-American employees were treated differently from Caucasian employees. Caucasian employees are allowed leniency with performance issues as well as time and attendance issues. One Caucasian employee was allowed to drink beer and curse during office hours, she was not fired. Caucasian employees were also not harassed by the office manager as were the African-American employees.

I believe that I was terminated because of my race (Black) in violation of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jun 30, 2005**<br>Date    *Lisa Alfred*<br>Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  Lisa Alfred<br>1608 H Street, S.E.<br>Washington, DC 20003 | From:  Washington Field Office - 570<br>1801 L Street, N.W.<br>Suite 100<br>Washington, DC 20507 |

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 100-2005-01428 | Janet Stump,<br>**Acting Enforcement Supervisor** | (202) 419-0700 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Janet A. Stump for*
_____
**Dana R. Hutter,**
**Director**

**MAR 20 2006**
_____
*(Date Mailed)*

cc:   Mr. Kevin Byrnes
Wade & Byrnes, P.C.
616 N. Washington Street
Alexandria, VA  22314

Mary C. Williams
Williams & Cunningham
1717 K Street, NW
Suite 600
Washington, DC  20036

**FILED**

JUN 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

## CIVIL DIVISION

CA No. ___

Lisa Alfred
1608 H St. SE
Washington, DC   20003-3110
202-547-1304

          Plaintiff

Scribner Hall & Thompson LLP
1875 Eye St. NW
Suite 1050
Washington, DC   20006-5409
202-331-6565

          Defendant

CASE NUMBER  1:06CV01118

JUDGE: Richard J. Leon

DECK TYPE: Employment Discrimination

DATE STAMP: 06/20/2006

*JURY ACTION*

---

### DISCRIMINATION COMPLAINT

Plaintiff Lisa Alfred hereby seeks judgment against
Defendant Scribner Hall & Thompson, LLP (hereafter referred
to as the Law Firm), on the following grounds and in the
amounts as hereinafter set forth:

This action arises from the employment practices of
the Law Firm, resulting in the wrongful termination and
unlawful discrimination against Plaintiff Lisa Alfred on
the basis of her race (African American), sex (female), and
age (over 40 years old), in violation of Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et

1

seq., and the Age Discrimination in Employment Act of 1967

(ADEA), 29 U.S.C. § 623.

1.      This Court has jurisdiction over this action

        pursuant to 28 U.S.C. §1331, 1343(a)(3), and

        1343(a)(4).

2.      The claims asserted herein arose in the District

        of Columbia, which is also the location of the

        acts relevant to Plaintiff's claims. Venue is

        appropriate in this Court under 28 U.S.C.

        §1391(b) and 42 U.S.C. 2000e-5(f)(3).

                            **PARTIES**

3.      Plaintiff Lisa Alfred is an African-American

        woman over the age of 40 years old and a resident

        of the District of Columbia. A graduate of the

        University of New Orleans with considerable work

        and human rights experience, Plaintiff was hired

        as a secretary for the Defendant Law Firm in

        January 2002. She was terminated without prior

        notice in February 2005.

4.      Defendant is a professional limited liability

        partnership with its principal place of business

        in the District of Columbia at 1875 Eye St. NW.

        The law firm specializes in tax law and employed

        at least 15 people during the relevant time.

                               2

## FACTS

5.      On Feb. 18, 2005, after three years of service,
Plaintiff was called by the Law Firm's Office
Manager, Jane Burton, near the end of the work
day and told to clear out her desk.

6.      Plaintiff was given one-week severance at that
time.

7.      On Feb. 28, 2005, the Law Firm informed the
Plaintiff that she would receive an additional
two weeks pay on March 15, 2005, for a total of
three weeks severance pay.

8.      Until Feb. 18, 2005, Plaintiff was a valued
employee who earned high marks on annual
reviews from her supervisor, Managing Partner
Mark Kovey and Office Manager Jane Burton.

9.      During her 3-year tenure, Plaintiff was
recognized repeatedly for performing beyond her
assigned duties and worked to resolve critical
work-place problems.

10.     Plaintiff was highly regarded by staff and
management and often served as the
representative on administrative issues.

3

11.    The only negative notation on Plaintiff's
       record stemmed from her failure to notify the
       office  beforehand on occasions when she was
       going to be late. This was noted in her 2004
       review and Plaintiff quickly corrected this.

12.    Upon termination, Plaintiff was told that the
       Law Firm owed her no explanation because she
       was an at-will employee.

13.    Counsel for Defendant Law Firm later claimed in
       a March 10, 2005 letter to Plaintiff that the
       firing was based on Plaintiff's "increasing
       hostility to the practices and procedures
       adopted by the Firm's management and expressed
       a growing incivility to the Firm's attorney."

14.    Plaintiff contends that the Law Firm did not
       discuss any of the many "concerns" listed in
       this letter prior to her termination and notes
       that she was never "counseled" about these
       allegations until after she was fired.

4

## COUNT 1

### RACIAL AND SEX DISCRIMINATION

15.    The Plaintiff's race and sex (African American female) are protected classes under Title VII. She contends that the Defendant treated her differently from a Caucasian (white) male employee when it terminated her without cause and without prior notice, as well as denying her reasonable severance.

16.    Plaintiff contends that a Caucasian (white) male employee that failed to meet even minimum work goals and consistently performed below acceptable standards for nearly two years was given nine months notice of his separation, and a sizable bonus.

17.    At least two other Caucasian (white) women were allowed to continue in their jobs despite poor performances and work habits and numerous complaints from partners and other staffers.

18.    Another Caucasian (white) female clerical worker was called back for additional work even though she had been cited for numerous workplace infractions.

5

## COUNT II

### AGE DISCRIMINATION

19.     Plaintiff realleges and incorporates paragraph
        1 through 18, in, as if set forth fully.

20.     Plaintiff is over 40 years old and is a member
        of the protected class under the Age
        Discrimination in Employment Act of 1967.

21.     Plaintiff contends that she was treated
        differently than a younger employee, a
        Caucasian (white) female in her early 30s, who
        was initially hired as a temporary secretary
        and then hired full-time.

22.     Though this particular employee alienated the
        staff, consumed alcohol during work hours,
        frequently used obscenities in the workplace,
        and rarely completed assignments on time, she
        was promoted and allowed to routinely take more
        vacation and leave than was allotted. It was
        well known throughout the office that a
        managing partner "liked" this particular
        employee, despite her poor work ethic and
        unprofessional behavior.

23.     When this particular young employee voluntarily
        left the Law Firm, it was discovered that she had

6

not performed much of the filing or work assigned
to her.

24.    Yet, several months later, this same employee was
invited back to staff a temporary assignment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lisa Alfred demands judgment in her
favor and against the Law Firm (Scribner Hall & Thompson,
LLP) and prays that the Court:

1.    Award Plaintiff $75,000 in lost wages and other
benefits.

2.    Award Plaintiff $1 million in punitive damages
for the wrongful termination and discrimination
under Title VII.

3.    Award Plaintiff's reasonable attorney fees and
costs incurred herein, and any other relief that
may be deemed just and appropriate.

### JURY DEMAND

The Plaintiff hereby exercises her right to a jury trial
for each and every claim she has asserted herein.

Lisa Alfred
Plaintiff
Pro Se
1608 H St. SE
Washington, DC 20003-3110
202-547-1304

7

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Lisa Alfred
1608 H Street, S.E.
Washington, DC 20003

From: Washington Field Office - 570
1801 L Street, N.W.
Suite 100
Washington, DC 20507

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 100-2005-01428 | Janet Stump,<br>Acting Enforcement Supervisor | (202) 419-0700 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Janet A. Stump for*

Dana R. Hutter,
**Director**

MAR 20 2006
*(Date Mailed)*

Enclosures(s)

cc:   Mr. Kevin Byrnes
Wade & Byrnes, P.C.
616 N. Washington Street
Alexandria, VA  22314

Mary C. Williams
Williams & Cunningham
1717 K Street, NW
Suite 600
Washington, DC 20036

06 1118
FILED
JUN 20 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 3 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **LISA ALFRED**, *Pro Se* | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civ. Action No. 06cv1118 (RJL)** |
| **v.** | ) | |
| | ) | |
| **SCRIBNER HALL &** | ) | |
| **THOMPSON, LLP** | ) | |
| | ) | |
| **Defendant.** | ) | |

*st*

## MEMORANDUM OPINION
(January *31*, 2007)[#3]

Lisa Alfred, proceeding *pro se*, has sued the law firm of Scribner Hall & Thompson,

LLP ("Scribner") for discrimination and wrongful termination in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq* and the Age Discrimination in

Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623. Currently before this Court is

defendant's motion to dismiss. For the following reasons, defendant's motion to dismiss will

be GRANTED.

## BACKGROUND

Lisa Alfred, an African-American woman over the age of 40, was hired as a legal

secretary by Scribner, Hall and Thompson, LLP in January 2002. Complaint ¶ 3. She was

terminated in February 2005, allegedly because of her "increasing hostility to the practices

and procedures adopted by the firm[]...and...a growing incivility to the Firm's attorney's."

*Id* at ¶ 13.

1



In June 2005, Alfred filed an administrative charge with the Equal Employment
Opportunity Commission ("EEOC") alleging racial discrimination. *Id* at ¶ 3. Her charge was
dismissed by the EEOC in March 2006. *Id* at ¶ 4.

In June 2006, Alfred filed this suit, alleging race *and sex* discrimination in violation
of Title VII (Count I) and age discrimination in violation of the ADEA (Count II). Scribner
has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing, *inter*
*alia,* that Alfred failed to exhaust her administrative remedies before filing this suit because
her administrative claim failed to allege age discrimination and either sexual, or mixed-
motive  race/sex discrimination.  The Court agrees.[1]

## STANDARD OF REVIEW

A district court should grant a defendant's 12(b)(6) motion to dismiss when it is
clear that no relief could result under any facts consistent with the complaint's allegations.
*Conley v. Gibson*, 355 U.S. 41, 45-47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *EEOC v. St.*
*Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C.Cir.1997). Thus, in evaluating
defendant's motion, the Court will assume the truth of all of the factual allegations set
forth in plaintiff's Complaint. *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1102
(D.C.Cir.1985). Moreover, because the plaintiff is proceeding *pro se,* the Court will also
construe the Complaint liberally in favor of the plaintiff.  *Schuler v. United States*, 617

---

[1]  As an initial matter, both Counts I and II are time barred because no charges alleging
sexual discrimination or mixed racial/sexual and age discrimination were filed with the EEOC
within 300 days of the alleged discriminatory act in February 2005.  42 U.S.C. § 2000e-5(e)(1).

F.2d 605, 608 (D.C. Cir. 1979). Indeed, Courts hold *pro se* litigants to a less stringent standard in recognition of the hardships they face when pleading without the assistance of counsel. See *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C.1987).

### RACE AND SEX DISCRIMINATION

Under Title VII, a plaintiff must file an administrative charge with the EEOC, and receive a right to sue letter, before filing suit in federal court. 42 U.S.C. § 2000e-5(f)(1); *Park v. Howard University,* 71 F.3d 904 (D.C. Cir. 1996). The administrative charge must set forth with specificity the theory behind the charge being made. Indeed, the EEOC administrative charging document has boxes to check that specify the plaintiff's theory behind the discrimination charge. If a charge of discrimination filed with the EEOC does not include in the administrative complaint a particular theory of discrimination, it is barred in a subsequent civil action unless the claim is "like or reasonably related to the allegations of the charge and growing out of such allegations." *Park,* 71 F.3d at 907 (quoting *Cheek v. Western and Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994)).

Here, plaintiff's complaint alleges that she was the victim of race and sex discrimination. Plaintiff's EEOC complaint, however, only includes a charge of race discrimination. Although she argues that the race and sex discrimination claims in her complaint are related, it is well established that "an allegation of race-based discrimination does not...include an allegation of sex discrimination; these allegations are

3

discrete and must be identified specifically and separately." *Caldwell v. Servicemaster Corp.,* 966 F.Supp.33 (D.D.C. 1997)(citing *Rush v. McDonald's Corp.,* 966 F.2d 1104 (7th Cir. 1992); *Lowe v. City of Monrovia,* 775 F.2d 998 (9th Cir. 1985)). Accordingly, because neither mixed motive (i.e. race/sex discrimination) nor sexual discrimination claims were identified in the administrative charge filed with the EEOC, the plaintiff failed to exhaust her administrative remedies by inadequately notifying the agency of the theory underlying her claim.[2] As such, Alfred's claim of race and sex discrimination in Count I of her complaint must be dismissed.

### AGE DISCRIMINATION

Like Title VII, the ADEA requires an aggrieved party to file an administrative claim with the EEOC before initiating a civil action in federal court. 29 U.S.C. § 626(d); *Washington v. Washington Metropolitan Area Transit Authority,* 160 F.3d 750 (D.C. Cir. 1998). As noted above, Alfred's EEOC charge alleged only racial discrimination. Although Alfred argues that the she filed an age discrimination claim and that the EEOC omitted it, nothing in her EEOC charge sheet or her written complaint to the EEOC supports this assertion. As Alfred has failed to demonstrate that she exhausted her administrative remedies, her ADEA claim will also be dismissed.

---

[2] Although Alfred also contends that she intended to file a charge of race and sex discrimination with the EEOC, but that the EEOC omitted her sex discrimination allegations, Pl.'s Opp., ¶ 8, nothing in her submissions to the EEOC support this contention.

4

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss will be GRANTED.

RICHARD J. LEON
United States District Judge

5

**FILED**

JAN **3 1** 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LISA ALFRED,** *Pro Se* | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civ. Action No. 06cv1118 (RJL)** |
| **v.** | ) |
| | ) |
| **SCRIBNER HALL &** | ) |
| **THOMPSON, LLP** | ) |
| | ) |
| **Defendant.** | ) |

### FINAL JUDGMENT

For the reasons set forth in the Memorandum Opinion entered this date, it is, this

__31 st__, day of January 2007, hereby

**ORDERED** that [#3] Defendant's Motion to Dismiss is GRANTED; and the case

is DISMISSED with prejudice.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge